MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 79*—*when lease not signed by landlord admissible in evidence.* In an action of forcible entry and detainer against a tenant, the admission of the lease in evidence is not error, though it did not appear that it was signed by plaintiff or any one authorized by him, where it was introduced without objection from defendant until an adjourned hearing of the case was in progress, and there was no denial in the record of the execution of the lease and the evidence showed that defendant entered and paid rent under the lease.

2. FORCIBLE ENTRY AND DETAINER, § 30*—*when want of notice and demand not ground for reversal.* In an action of forcible entry and detainer against a tenant, lack of notice and demand is not ground for reversal, where they are expressly waived by the lease, and the questions of notice or demand were not drawn in issue in the trial court.

3. LANDLORD AND TENANT, § 494*—*when tender of rent insufficient.* In an action against a tenant for forcible entry and detainer, a tender of a portion of the rent nine days after it was due, which was refused, and a subsequent tender after suit was begun, which was also refused and was not kept good by a deposit in court, and a further offer to pay the rent and court costs, do not constitute such tender as will defeat the action.

---

## Mark F. Madden and Michael S. Madden, copartners, trading as Madden Brothers, Defendants in Error, v. Maud R. Davis, Plaintiff in Error.

### Gen. No. 20,489.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Mark F. Madden and Michael S. Madden, copartners, trading as Madden Brothers, plaintiffs, against Maud R. Davis, defendant, for one thousand dollars commissions on the exchange of real estate between defendant and one E. L. Wells.

To reverse a judgment for plaintiffs for four hundred dollars, defendant prosecutes this writ of error.

One of the controverted questions was whether the defendant knew that the plaintiffs were acting as agents for Wells as well as for the defendant. Plaintiffs testified that they so informed the defendant. Defendant claimed that she did not know that the plaintiffs were the agents for Wells. The contract of the defendant with Wells contained the following agreement:

"It is further mutually agreed that brokerage fees or commissions shall be paid to Madden Brothers by party (1st part, $1000), (2nd part, $1250), by the respective parties hereto as heretofore agreed above."

As another ground for reversal it is urged that plaintiffs misrepresented to the defendant the depth of the property on Langley avenue, Chicago, which they were proposing to have the defendant take in exchange. There was evidence tending to show that the plaintiffs represented to the defendant that the Langley avenue property was 125 feet deep. The property was so noted in the plaintiffs' memoranda kept in their office, and it appeared that the maps in use showed the property to be 125 feet deep. The original plat showed that the property was 125 feet deep, but it appeared from the evidence that six feet off the front of the property had been dedicated to widen Langley avenue many years before the transaction, so that the lots were really six feet less in depth than the defendant was led to suppose. The evidence showed that the plaintiffs gave the defendant

full description of the property as it was written on their filing card, and that they went to their real estate atlas to ascertain the correctness of the description and found that the card tallied with the atlas. The plat in the recorder's office did not show the exact dimensions of the property.

ALDEN, LATHAM & YOUNG, for plaintiff in error; CHARLES MARTIN, of counsel.

EDWARD R. HARTIGAN, for defendants in error; FRANK S. RIGHEIMER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient.* In an action to recover commissions on an exchange of real estate, where the statement of claim sets forth a cause of action and apprises defendant of the nature of the claim, the fact that it refers to and sets up a written contract between the defendant and the person with whom the property was exchanged does not convert the action into one upon such contract.

2. PRINCIPAL AND AGENT, § 41*—*when agent may serve for vendor and purchaser.* The rule that an agent cannot maintain an action against his principal for commissions, where he was also acting as agent for the purchaser, does not apply where both parties had notice of his dual capacity.

3. PRINCIPAL AND AGENT, § 41*—*when evidence sufficient to show notice to principal that his agent represented other party also.* Evidence in action for commissions on exchange of property examined and *held* to show that defendant had notice that plaintiff was representing both parties.

4. BROKERS, § 88*—*when evidence insufficient to show misrepresentation.* Evidence in action for commissions for exchange of real estate examined and *held* not to show misrepresentation by plaintiff as to dimensions of property for which exchange was made.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.